UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM P. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01131-WTL-DLP |
| | ) | |
| COMMUNITY CORRECTIONS OF MARION COUNTY, | ) | |
| DETECTIVES OF MARION COUNTY PROSECUTER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff William P. Wood's Amended Complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**I. Amended Complaint**

On April 20, 2018, Woods' original complaint was dismissed for lack of jurisdiction. Woods was given a period of time in which to show cause why Judgment should not issue. In response, Woods filed an Amended Complaint.

The Amended Complaint alleges that Woods was subjected to false arrest when a Marion County Detective filed a false report and again when community corrections failed to file a report regarding a GPS monitor repair. Woods seeks to have his name cleared and the charges dismissed. He also seeks 10 million dollars as compensation for the 16 months he spent in jail. He names

"Community Corrections an[d] Detectives of Marion County an[d] Prosecutor of Marion County" as defendants. He states that he is suing under state law and invokes this court's diversity jurisdiction.

At the Court's request, Woods submitted the Chronological Case Summary associated with his related criminal case, No. 49G05-1508-F1-029324. The state court record reflects that on February 10, 2017, Woods pled guilty to attempted murder and battery resulting in serious bodily injury based on circumstances occurring on August 16, 2015. A sentencing hearing was conducted. Woods was sentenced to time served (1095 days) on the battery resulting in serious bodily injury conviction, and 1825 days on probation.

On March 16, 2017, a notice of violation of probation was filed by the State against Woods. On June 7, 2017, a hearing was held and the state court found that Woods violated the conditions of his probation. As a result of this violation, Woods was sanctioned with 112 days incarceration and was later again released on probation.

## II. Discussion

The Amended Complaint is dismissed for the following reasons. First, there is no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). In this case, all parties are alleged to be citizens of Indiana.

In addition, even if the amended complaint was understood to allege a violation of Woods' constitutional rights pursuant to 42 U.S.C. § 1983, the amended complaint still fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In this case, neither Community Corrections of Marion County nor the collective Detectives of Marion County are a "person" subject to suit under 42 U.S.C. § 1983. A municipal entity is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of its employees, but only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). No ingredient of that nature is present in the second amended complaint.

Further, the defendant prosecutor is entitled to absolute immunity. The state court records make clear that the defendant prosecutor's actions "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler v. Pachtman*, 424 U.S. 409 (1976). There is no allegation in the amended complaint which contradicts this conclusion.

Finally, this civil rights action cannot be used to "clear" Woods' name or to vacate his guilty plea. That relief is outside the scope of this civil rights action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims.").

## III. Conclusion

It is for these reasons that the amended complaint is **dismissed.**[1] Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/6/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM P. WOODS
605 W 27th St. Apt. 200
Indianapolis, IN 46208

---

[1] The Court notes that Woods prior attempts to amend his complaint to state a claim were unsuccessful in *Woods v. IMPD, et al.*, 1:16-cv-1442-SEB-MJD.